P-SEND, ENTER, JS-6

ENTERED
CLERK, U S DISTRICT COURT
AUG 1 6 2007
CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | |
|---|---|---|
| Case No. | CV 07-501-RGK (CTx) | Date  August 16, 2007 |
| Title | FRIDA NAJARIAN v. CHARLOTTE RUSSE, INC., et al. | |

Present: The Honorable   R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE

| Sharon L. Williams | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT (DE 40)

## I.  INTRODUCTION

Plaintiff Frida Najarian ("Plaintiff") sued Charlotte Russe, Inc. ("Defendant") for willful violation of the Fair and Accurate Credit Transactions Act ("FACTA"), 15 U.S.C. § 1681c(g). Currently before the Court is Defendant's Motion for Summary Judgment. For the following reasons, the Court grants Defendant's Motion.

## II.  FACTUAL BACKGROUND

Defendant is a mall-based specialty retailer of young women's apparel and accessories. It operates over 386 stores throughout 43 states and Puerto Rico. Defendant's net worth in shareholder equity is approximately $206 million. In 2001, in connection with an upgrade of its Point of Sale ("POS") system, Defendant's hardware and software vendor proposed a modification of the POS system to truncate the credit card numbers printed on customers' sales receipts. Defendant approved this modification in order to comply with California law, which prohibited "print[ing] more than the last five digits of the credit or debit card account number or the expiration date upon . . . [a]ny receipt provided to the cardholder." CPL § 1747.09(a)(1). After installation, the new program only truncated the credit card number, not the expiration date.

On December 4, 2006, a FACTA provision that mirrors the California provision became effective. On January 11, 2007, Plaintiff made a purchase at one of Defendant's Los Angeles area stores. At the point of sale, Defendant printed the expiration date of Plaintiff's credit card on a receipt provided to Plaintiff. On January 19, 2007 Plaintiff filed this Complaint against Defendant.

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d)

In late January 2007, Defendant programmed, tested and distributed a fix for its registers to delete the expiration date from all credit card receipts. Beginning January 31, 2007, Defendant began implementing a fix so that all stores were printing compliant credit receipts by February 14, 2007.

## II.   JUDICIAL STANDARD

Summary judgment is proper only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Upon such a showing, the Court may grant summary judgment as to "all or any party thereof." Fed. R. Civ. P. 56(a), (b).

To prevail on a summary judgment motion, the moving party must show that there are no triable issues of fact as to matters upon which it has the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). On issues where the moving party does not have the burden of proof at trial, the moving party is required only to show that there is an absence of evidence to support the nonmoving party's case. *Id.* at 326.

To defeat a summary judgment, the non-moving party may not merely rely on its pleadings or on conclusory statements. Fed. R. Civ. P. 56(e). Nor may the non-moving party merely attack or discredit the moving party's evidence. *Nat'l Union Fire Ins. Co. v. Argonaut Ins. Co.*, 701 F.2d 95, 97 (9th Cir. 1983).

## III.   DISCUSSION

Plaintiff brings one claim against Defendant for willful noncompliance with FACTA pursuant to Section 1681n(a) of FCRA. Upon consideration of the above factors, the Court grants Defendant's Motion for Summary Judgment.

Effective December 4, 2006, Section 1681c(g)(1) of FACTA provides that "[N]o person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transactions." 15 U.S.C. § 1681c(g)(1). Section 1681n of FCRA provides that a person may bring a private right of action and recover statutory damages for *willful* noncompliance with statutory requirements. 15 U.S.C. § 1681n(a) (emphasis added). A company wilfully violates FCRA if it [1] "knowingly and intentionally performs an act that violates FCRA," and [2] either [a] knows that the action violates the rights of consumers or [b] recklessly disregards those rights. *Reynolds v. Hartford Financial Services Group*, 435 F.3d 1081, 1099 (9th Cir. 2006). Additionally, the Court in *Reynolds* explained that a company will not have "acted in reckless disregard of a consumer['s] rights if it has diligently and in good faith attempted to fulfill its statutory obligations and to determine the correct legal meaning of the statute and has thereby come to a tenable, albeit erroneous, interpretation of the statute." *Id.* The parties do not dispute that Defendant violated FACTA by printing credit card expiration dates on customer receipts. Therefore, disposition turns on whether Defendant either knew that their actions violated FCRA or recklessly disregarded those rights protected by FCRA.

The strongest evidence in support of Plaintiff's claim is a "CDI Modification Request," dated March 1, 2001. (Cammarello Decl., Exh. 5.) According to the evidence, Defendant signed a document, prepared by Computer Dynamics, Inc. ("CDI"), who was Defendant's hardware and software vendor. (Cammarello Decl., ¶ 10, Exh. 5.) The document requested truncation of both the credit card number and the expiration date. (Cammarello Decl., Exh. 5.). The request further stated, "Our understanding [is that] this will [be] mandatory by California law on 1/1/04 for existing stores, but is required for any new

stores opening in California as of 1/01/01." *Id.* To the extent the evidence shows Defendant's actual knowledge of the consumers' rights under FACTA, the evidence also shows that Defendant requested and purchased a modification to truncate the expiration date, and in fact, actually attempted to comply with the new statutory provisions. Further evidence shows that, when Defendant developed a check-list of all the functions that the updated equipment had to perform, the checklist did not include the deletion of the expiration date. (Cammarello Decl., ¶ 3.) This evidence indicates that Defendant did not realize that portion of the modification request was never implemented. Therefore, while the evidence may show actual knowledge of the law, it also shows no knowledge by Defendant that it was violating the law. Plaintiff has failed to introduce any evidence refuting this. Therefore, the Court finds that, while the evidence may, at best, show that Defendant was careless in failing to ensure that the correct POS modification was implemented, it fails to show that Defendant knew about FACTA's expiration provision and consciously chose to ignore it.

Plaintiff also provides the Court with an information technology script sent by Defendant to its store managers: the script provides instructions on how to add the credit card expiration date onto store receipts. (Vicente Decl. Ex. 3.) This document is dated January 27, 2007. *Id.* Plaintiff's purchase occurred on January 11, 2007. As such, this IT script is irrelevant to Plaintiff's complaint because it postdates Plaintiff's allegations of willful violations of FACTA. Additionally, Plaintiff does not provide any evidence that these instructions led to Defendant actually printing credit card expiration dates on customer receipts.

Additionally, Defendant's evidence indicates a diligent and good faith attempt by Defendant to fulfill its statutory obligation. (Ambrosio Decl. ¶¶ 3-6, Exh. 1.) *See Reynolds*, 435 F.3d at 1099. Moreover, within one month of learning of FACTA's expiration requirement, Defendant implemented a fix for its registers so that all stores were printing compliant credit receipts by February 14, 2007. Defendant's erroneous conclusion that truncation of the credit card number was sufficient to fulfill its statutory obligation was not untenable nor in reckless disregard of FACTA's expiration provision.

In light of the foregoing , the Court finds no triable issue of fact as to the issue of willfulness. Therefore, as a matter of law, summary judgment is granted in favor of Defendant.

## IV.   **EVIDENTIARY OBJECTIONS**

To the extent that the Court has relied on evidence to which the parties' objected, those objections are overruled.

## V.   **CONCLUSION**

In light of the foregoing, the Defendant's Motion for Summary Judgment is **granted**. Defendant is ordered to submit a Proposed Judgment consistent with this Order within 10 days from the date of this Order.

**IT IS SO ORDERED.**



Initials of Preparer    s/w